# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                            **4:17-CR-00310-SWW**
                                   **4:21-CV-01160-SWW**

**ROBERT NATHAN HENSLEY**

## ORDER

For the reasons set out below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 123) is DENIED.

## I.    BACKGROUND

On March 5, 2019, a jury found Petitioner guilty of (1) attempted enticement of a minor to engage in illegal sexual conduct; (2) attempted production of child pornography after having previously been convicted of child sex crimes; and (3) possession of child pornography after having previously been convicted of child sex crimes.[1]   On July 2, 2019, he was sentenced to 420 months in prison.[2]   His conviction and sentence were affirmed on appeal.[3]

---

[1] Doc. No. 89.

[2] Doc. No. 103.

[3] Doc. No. 117.

1

On November 29, 2021, Petitioner filed the pending motion under § 2255 alleging ineffective assistance counsel.[4] Petitioner says that his lawyer erred by (1) not interviewing or calling two police officers as witnesses; (2) not requesting a mistrial after juror "verbally threatened defendant in earshot of other jurors"; and (3) failing to put the contents Petitioner's phone into evidence. He also alleges that (4) there were six "different phone extraction by the gov't. Judge only allowed one"; (5) there is no proof that three images found on his laptop were downloaded, human, or underage; (6) he was not allowed to present evidence that two agents were "under criminal investigation"; and (7) he never actually texted or emailed the alleged 14 year old.

## II.  DISCUSSION

To prevail on a claim of ineffective assistance of counsel, Petitioner must first show that his counsel's performance fell below an objective standard of reasonableness.[5] He must identify the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[6] Then, the Court must determine whether, in light of all the circumstances, the identified acts

---

[4]Doc. No. 123

[5]See *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *Larson v. United States*, 833 F.2d 758, 759 (8th Cir. 1987).

[6]*Strickland*, 466 U.S. at 690.

or omissions were outside the wide range of professionally competent assistance.[7] Petitioner faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[8]

If Petitioner establishes deficient performance by counsel, he still must establish prejudice.[9] This requires Petitioner to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[10]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Petitioner fails to establish either part of this test, the Court need not consider the remaining part of the test.[11]

### A.     Failure to Interview or Call Witnesses

---

[7]*Id.*

[8]*Id*. at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[9]*Strickland*, 466 U.S. at 694.

[10]*Id*. ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome."); *Larson*, 833 F.2d at 759.

[11]*Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

Petitioner contends that his lawyer provided ineffective assistance by not interviewing or calling as witnesses two Little Rock police officers. He does not explain how this would have made a difference in the outcome of the trial. It appears that this issue relates to when or whether he was in custody after an initial traffic stop. This issue was resolved by the order on the motion to suppress, which was affirmed by the Eighth Circuit.[12] Petitioner can establish neither deficient performance or prejudice.

### B.    Failure to Request a Mistrial

Petitioner asserts that his lawyer provided ineffective assistance when she failed to request a mistrial after a juror "verbally threatened defendant in earshot of other jurors."[13] A juror told a courtroom security officer (CSO) that she wanted to "come over the wall."[14] The CSO said she did not know what the juror meant. At an in-chambers conference, the juror stated that she meant she was about to vomit after seeing the images.[15] Ultimately the juror was excused. The Court polled the remaining jurors and each said they heard nothing.[16] Finally, the Court twice

---

[12]Doc. Nos. 75, 117.

[13]Doc. No. 123.

[14]Doc. No. 113 at pp 239-240.

[15]*Id.* at p. 244.

[16]*Id.* at pp. 249-250.

noted that it was not inclined to grant a mistrial.[17]  Counsel is not ineffective for failing to seek a mistrial that she reasonably believed would be futile.[18]

### C. Phone Evidence

Petitioner asserts that there were six "different phone extraction by the gov't. Judge only allowed one."  This claim appears to be related to the Court's ruling rather than counsel's performance.  If the claim is intended to attack counsel's performance, it is without merit.  During cross-examination of Timothy Whitlock, Petitioner's lawyer discussed the extraction reports, introduced several into evidence, and brought up the issue of information being deleted and the differences between the report.[19]  To the extent he is arguing that the issue should have been appealed, he cannot establish deficient performance or prejudice.  *Meyer v. Sargent*, 854 F.2d 1110, 1115–16 (8th Cir.1988) (no prejudice when appellate counsel does not raise meritless issues on appeal).

### D. Failure to Put Petitioner's Second Phone into Evidence.

Petitioner argues that his lawyer's failure to put Petitioner's second phone into evidence resulted in ineffective assistance.  According to Petitioner, the second phone would establish that he was "setting up" who he thought was a sex

---

[17]Doc. No. 113 at pp. 241, 249.

[18]*Anderson v. United States*, 762 F.3d 787, 794 (8th Cir. 2014).

[19]Doc. No. 113 at pp. 223-228.

trafficker. Even if failing to put the second phone into evidence amounted to insufficient performance, Petitioner cannot establish prejudice. The jury heard Petitioner's story about this "set-up" when he took the stand. Obviously, the jury rejected his story. Furthermore, this claim is refuted by overwhelming evidence to the contrary.

      E.    **Computer Evidence**

Petitioner asserts that there is no proof that three images found on his laptop were downloaded, of humans, or underage. The jury heard the testimony and saw the evidence, and, apparently, disagreed with Petitioner's position. Furthermore, the Eighth Circuit already rejected this argument. To the extent Petitioner is claiming that his lawyer did not appeal the issue, the claim is contradicted by the record.

      F.    **Investigations Pending Against Agents**

Petitioner claims that he was not allowed to present evidence that two agents were "under criminal investigation." Again, this appears to be a disagreement with the Court's ruling, rather than counsel's performance. First Agent Alexander was not a witness, so there was no way to impeach him regarding the investigation against him. Again, if Petitioner is complaining about counsel's performance, she

tried to get the evidence in, but was overruled.[20] As for Agent Sablatura being under investigation, the investigation did not involve his truthfulness and Petitioner's counsel did not provide deficient performance in not bringing up the topic.

### G. No Proof of Contact with an Underage Person

Petitioner alleges that he never actually texted or emailed the alleged 14-year-old or requested sex. He also claims that his lawyer did not appeal this issue. These assertions are contradicted by the evidence and the law. The Eighth Circuit noted the messages "evince an intent to have sex with the minor" and "the fact that the minor did not exist, or that Hensley never met her or communicated directly with her, is of no moment, as attempted enticement may occur through an adult intermediary or when there is no actual minor involved."[21] Accordingly, this claim is without merit.

---

[20]Doc. No. 63 at pp. 22-28.

[21]Doc. No. 117.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 123) is DENIED.

IT IS SO ORDERED this 29TH day of December, 2021.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE